IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 14-mj-5021-KGS |
| vs. | Count 1: 18 U.S.C. §§ 2, 1349 |
| SATISH KUMAR GUDARU, PRAKASH KANYADARA, and CAROL NELSON, | |
| Defendants. | |

# **CRIMINAL COMPLAINT**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

## **INTRODUCTION**

1. Beginning at least on or about April 16, 2004, and continuing through at least on or about April 26, 2013, the exact dates being unknown, the defendants, individually and doing business as ZEN INFOTECH, LLC, engaged in a conspiracy and scheme to commit fraud through the H1B visa program.

2. Defendants **SATISH KUMAR GUDARU, PRAKASH KANYADARA, and CAROL NELSON**, and others recruited foreign workers with computer expertise who wanted to work in the United States. The defendants sponsored the workers' H1B visas, representing that the foreign workers would be employed at ZEN INFOTECH in Shawnee, Kansas. But, in truth and in fact, the foreign workers were not employed in Shawnee, Kansas; instead, the defendants required the foreign workers to provide consulting services to third-party companies located elsewhere, in violation of the non-

1

immigrant worker visa program. Contrary to the representations the defendants made to both the workers and the government, the defendants paid the workers only when the workers were placed or the worker found employment on their own at a third-party company and only if and after the third-party company paid ZEN INFOTECH for the workers' services.

3. This scheme provided the defendants with a labor pool of inexpensive, skilled foreign workers who could be used on an "as needed" basis. The scheme was profitable as it required minimal overhead and ZEN INFOTECH could charge significant hourly rates for a computer consultant's services. Accordingly, the defendants earned a substantial profit margin when a foreign worker was assigned to a project and incurred few costs when a foreign worker was without billable work.

4. This scheme is known as "benching." Benching is defined as "workers who are in nonproductive status due to a decision by the employer, such as lack of work." The defendants, through ZEN INFOTECH, actively recruited H1B workers, "benched" them, and often required workers to find their own employment.

5. The H1B program requires the foreign worker to work for the petitioning company, *i.e.,* ZEN INFOTECH. ZEN INFOTECH's "benching" scheme was facilitated by the defendants' use of the company as a "placement" or "staffing" company, instead of as a direct employer. Regulations require that ZEN INFOTECH inform the government if the workers were assigned to a different location than ZEN INFOTECH's address. But, in most cases, ZEN INFOTECH failed to inform the government. Moreover, ZEN INFOTECH claimed that jobs existed with third-party companies when, in fact, ZEN INFOTECH had not yet secured contracts with these companies; thus, ZEN

INFOTECH filed false documents with the Department of Labor and United States Citizenship and Immigration Services, requesting H1B visas for foreign workers to be employed in positions that did not exist.

## COUNT 1 – CONSPIRACY

6. Paragraphs 1 through 5 are incorporated by reference, as though fully restated and realleged herein.

7. Beginning at least on or about April 16, 2004, and continuing through at least April 26, 2013, the exact dates being unknown, in the District of Kansas, and elsewhere, defendants

**SATISH KUMAR GUDARU,
PRAKASH KANYADARA, and
CAROL NELSON,**

knowingly and intentionally conspired and agreed with each other and with other persons, both known and unknown, to use the mails in executing a scheme to defraud, in violation of Title 18, United States Code, Section 1341; and to use interstate wires in executing a scheme to defraud, in violation of Title 18, United States Code, Section 1343; all in violation of Title 18, United States Code, Section 1349.

### Overt Acts

8. In furtherance of the conspiracy and scheme, and to accomplish their purposes and objectives, one or more co-conspirators committed in the District of Kansas and elsewhere the following overt acts, among others:

(a) On or about April 16, 2004, **SATISH KUMAR GUDARU**, for and on behalf of ZEN INFOTECH, signed the I-129 Petition for Non-Immigrant Worker and the Labor Conditions Application (ETA-9035) on behalf of Mahesh Kumar

Gangineni ("Gangineni"), a male from India, attesting that the statements in the Petition and Application were true and accurate, namely that Gangineni would be working as a staff analyst programmer at ZEN INFOTECH in Shawnee, Kansas.

(b) On or about March 26, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, signed the I-129 Petition for Non-Immigrant Worker and the Labor Conditions Application (ETA-9035) for Yogomaya Maharana ("Maharana"), a female from India, attesting that the statements in the Petition and Application were true and accurate, and certifying under penalty of perjury that the Petition, as well as the supporting evidence and attachments, were true and correct.

(c) On or about March 26, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, and for the purpose of executing the scheme to defraud and attempting to do so, knowingly and intentionally transmitted and caused to be transmitted by means of wire, radio, or television communication in interstate and foreign commerce, namely from Kansas to California, the Labor Conditions Application (ETA-9035) for Yogomaya Maharana. This Application falsely indicated that Maharana would be employed in Shawnee, Kansas, at an annual salary of $60,000.

(d) On or about March 30, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly and intentionally caused an I-129 Petition for Non-Immigrant Worker for Yogomaya Maharana to be sent and delivered by Federal Express, a private and commercial interstate carrier, according to the

directions thereon, to the Department of Labor. This Petition falsely indicated that Maharana would be employed in Shawnee, Kansas, at an annual salary of $60,000.

(e) From in or about April 2009, through in or about August 2010, the defendants, acting through ZEN INFOTECH, periodically benched Maharana, failed to pay her an annual salary of $60,000, and sent her to work in Atlanta, Georgia.

(f) On or about March 30, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, signed the I-129 Petition for Non-Immigrant Worker and the Labor Conditions Application for Jagannath Reddy Varkatam ("Varkatam"), a male from India, attesting that the statements in the Petition and Application were true and accurate, and certifying under penalty of perjury that the Petition, as well as the supporting evidence and attachments, were true and correct.

(g) On or about March 30, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, and for the purpose of executing the scheme to defraud and attempting to do so, knowingly and intentionally transmitted and caused to be transmitted by means of wire, radio, or television communication in interstate and foreign commerce, namely from Kansas to California, the Labor Conditions Application (ETA-9035) for Jagannath Varkatam. This Application falsely indicated that Varkatam would be employed in Shawnee, Kansas, at an annual salary of $60,000.

(h) On or about April 1, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly and intentionally caused an I-129 Petition for

Non-Immigrant Worker for Jagannath Varkatam to be sent and delivered by the United States Postal Service, according to the directions thereon, to the Department of Labor. This Petition falsely indicated that Varkatam would be employed in Shawnee, Kansas, at an annual salary of $60,000.

(i) From in or about October 2009, through in or about September 2012, the defendants, acting through ZEN INFOTECH, periodically benched Varkatam, failed to pay him an annual salary of $60,000, and sent him to work in Omaha, Nebraska.

(j) On or about March 30, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, signed the I-129 Petition for Non-Immigrant Worker and the Labor Conditions Application (ETA-9035) for Rahul Vaidya ("Vaidya"), a male from India, attesting that the statements in the Petition and Application were true and accurate, and certifying under penalty of perjury that the Petition, as well as the supporting evidence and attachments, were true and correct.

(k) On or about March 31, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, and for the purpose of executing the scheme to defraud and attempting to do so, knowingly and intentionally transmitted and caused to be transmitted by means of wire, radio, or television communication in interstate and foreign commerce, namely from Kansas to California, the Labor Conditions Application (ETA-9035) for Rahul Vaidya. This Application falsely indicated that Vaidya would be employed in Shawnee, Kansas, at an annual salary of $60,000.

(l) On or about April 6, 2009, defendant **CAROL NELSON**, for and on behalf of ZEN INFOTECH, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly and intentionally caused an I-129 Petition for Non-Immigrant Worker for Rahul Vaidya to be sent and delivered by Federal Express, a private and commercial interstate carrier, according to the directions thereon, to the Department of Labor. This Petition falsely indicated that Varkatam would be employed in Shawnee, Kansas, at an annual salary of $60,000.

(m) From in or about April 2009, through in or about September 2012, the defendants, acting through ZEN INFOTECH, periodically benched Vaidya, failed to pay him an annual salary of $60,000, and sent him to work elsewhere.

(n) On or about March 27, 2013, the signature of Ana Lopez, office manager at ZEN INFOTECH, was forged on an I-129 Petition for a Non-Immigrant Worker (Yembar Badrinath) and subsequently mailed on or about April 26, 2013.

(o) On or about March 19, 2013, the Labor Condition Application (LCA) (ETA-9035), with the electronically forged signature of Ana Lopez, was electronically filed with the Department of Labor. On March 27, 2013, Ana Lopez's wet signature was forged on the LCA. On or about March 28, 2013, Ana Lopez's wet signature was forged on an I-129 Petition, with the aforementioned LCA also attached; said Petition being mailed from Kansas on or about April 26, 2013, to the United States Citizenship and Immigration Services office in California.

(p) From on or about March 15, 2012 until May 31, 2013, **PRAKASH KANYADARA**, falsified educational degrees and diplomas that were used as

7

supporting documentation for the filing of I-129 Petitions for Non-Immigrant Workers; said petitions being subsequently mailed by ZEN INFOTECH.

9. The foregoing is in violation of Title 18, United States Code, Sections 2 and 1349.

I further state that I am a Special Agent with the United States Department of Labor, Office of Inspector General-Office of Labor Racketeering and Fraud Investigations, and that this Complaint is based on the following facts: Please see attached affidavit, which is continued on the attached and made a part hereof.

s/Sean P. Kilcoyne<br>
SEAN KILCOYNE,<br>
Assistant Special Agent in Charge<br>
Department of Labor

Sworn to before me and subscribed in my presence, at Topeka, Kansas, on April 18th, 2014.

s/K. Gary Sebelius<br>
K. GARY SEBELIUS<br>
United States Magistrate Judge